UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORIVILLE PATTERSON

      Plaintiff,

v.                                                                                          Case No. 06-15413

POSTMASTER, UNITED STATES                               Honorable Patrick J. Duggan
POSTAL SERVICE,

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 28, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff, proceeding *pro se*, filed a complaint in the State of Michigan 36th District Court, Small Claims Division. Defendant timely removed the action to this Court pursuant to 28 U.S.C. Sections 1441(b) and 1442(a)(1). Presently before this Court is Defendant's motion to dismiss. Plaintiff has not responded to Defendant's motion, and the time for response has expired. *See* E.D. Mich. L.R. 7.1(d)(1)(B).[1]

**I.    Background**

---

[1] On December 8, 2006, the Court's Deputy Clerk sent Plaintiff and counsel for Defendants a notice "reminding" them that a response to a motion for summary judgment shall be filed within 21 days after service of the motion.

Plaintiff is employed by the United States Postal Service ("Postal Service").  On May 28, 2006, Plaintiff was allegedly absent from his assigned work station for over three hours.  (Dft.'s Ex. A).  On June 27, 2006, based on this unexplained absence, the United States Postal Service provided Plaintiff with a 30-day notice of discharge from employment.  (*Id.*).

Plaintiff's union, the American Postal Workers Union – Detroit District Area Local ("AWPU"), initiated a grievance on behalf of Plaintiff.  On July 17, 2006, AWPU filed a Step 1-A Grievance Appeal Form to the Postal Service requesting that the notice of discharge be rescinded.  (Dft.'s Ex. B).

On July 21, 2006, Plaintiff and the Postal Service settled the grievance.  (Dft.'s Ex. C).  The settlement reduced the notice of discharge to a 12-day suspension.  (*Id.*).  In addition, the settlement provided that the disciplinary action will remain part of Plaintiff's record for 11 months, after which it will be expunged if Plaintiff avoids conduct similar to that resulting in the original discipline.  (*Id.*).

## II.  Standard of Review

Defendant moves to dismiss this action citing Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In deciding such a motion, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff."  *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006).  While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Tatum*, 58 F.3d at 1109, and the district court need not accept as true

2

"unwarranted factual inferences." *Kottmyer*, 436 F.3d 688.  Ultimately, a court should not grant a 12(b)(6) motion unless the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Where, as here, the plaintiff is proceeding *pro se*, the plaintiff's filings are construed liberally.  *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972)).

### III.  Applicable Law & Analysis

Plaintiff's complaint contains a single allegation stating that "[m]anagement failed to provide requested information per grievance settlement."  (Compl. ¶9).

Suits alleging breach of a collective bargaining agreement between the Postal Service and the labor union representing postal service employees are governed by the Postal Reorganization Act, 39 U.S.C. § 1208(b), which provides federal district courts with jurisdiction over such actions.  The Sixth Circuit "and [other] sister circuits have uniformly held that 39 U.S.C. §1208(b) is an analogue of Section 301(a) of the Labor Management Relations Act of 1957 and have consistently applied § 301 law to suits brought pursuant to 39 U.S.C. § 1208(b)."  *Lawson v. Truck Drivers, Chauffeurs & Helpers Local Union 100*, 690 F.2d 250, 255 (6th Cir. 1983)(citing *Malone v. U.S. Postal Serv.*, 526 F.2d 1099, 1103-04 (6th Cir. 1975)(quoting 2 U.S. Code Cong. And Admin. News 1970, 3649, 3662)).  "As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress."  *Republic Steel Corp. v. Maddox*, 379 U.S.

650, 652, 85 S. Ct. 614, 616 (1965)(emphasis in original).

Defendant contends, and this Court agrees, that regardless of whether Plaintiff is challenging the terms of the grievance settlement or the implementation of the grievance settlement, dismissal is warranted.  As construed by this Court, Plaintiff is challenging a settlement reached in accordance with the terms of grievance procedure contained in the collective bargaining agreement between AWPU and the Postal Service.  Thus, any challenge being made by Plaintiff must be brought in accordance with the grievance procedure set forth in the collective bargaining agreement.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Oriville Patterson
12896 Coyle
Detroit, MI 48227

Peter A. Caplan, AUSA